# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH HEYWARD,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **NO. 19-5469** |
| | : | |
| **CITY OF PHILADELPHIA, *et al.*,** | : | |
| **Defendants.** | : | |

## MEMORANDUM

**KEARNEY, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　**January 8, 2020**

Prisoner Joseph Heyward *pro se* sues the City of Philadelphia and its Police Department for losing evidence which if recovered would allegedly prove his actual innocence for violent crimes he confessed to many years ago leading to a life sentence. He cannot state a claim as no court has vacated his sentence. He has not suffered harm as yet based on an alleged loss of evidence. We dismiss his Complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

**I.　Alleged *pro se* facts.[2]**

The gravamen of Mr. Heyward's claim is, under duress, he pled guilty to numerous criminal charges. He claims evidence (a lighter) recovered from the crime scene, if subjected to DNA testing, would prove he is actually innocent of the crimes to which he confessed. The lighter is now missing. He cannot use it to prove his actual innocence.[3] The loss of this evidence (the lighter) allegedly entitles him to $30 million in damages.

As confirmed by the public docket in Mr. Heyward's underlying state court criminal proceedings, he pled guilty to murder, arson, causing or risking a catastrophe, and six counts of aggravated assault on May 9, 2003.[4] He thereafter filed (1) an unsuccessful direct appeal, (2) a motion for post-conviction relief dismissed as frivolous after appointed counsel moved to withdraw and filed a no-merit letter under *Commonwealth v. Finley*,[5] and (3) a second motion for

post-conviction relief denied as untimely, a decision affirmed on appeal when no briefs were filed.[6] Most recently, and most relevant to the instant action, on March 16, 2018, Mr. Heyward initiated proceedings to obtain post-conviction relief by moving to obtain DNA testing under 42 Pa.C.S. § 9543.1(a)(2).[7] The state court appointed counsel on November 30, 2018, but appointed counsel moved to withdraw one year later, and filed a *Finley* letter.[8] On December 24, 2019, Mr. Heyward moved for the appointment of new counsel.[9] The state court is presently reviewing appointed counsel's Motion to withdraw, Mr. Heyward's *pro se* opposition to the *Finley* letter, and his Motion for appointment of new counsel.[10]

This case arises from the most recent Post-Conviction Relief Act proceedings. The Commonwealth recovered a lighter from the crime scene giving rise to the charges against him and submitted it for analysis on October 19, 2001.[11] It is unclear whether the police analyzed the DNA on the lighter at the time. Police Officer Taggart possessed the evidence a year later.[12] Mr. Heyward alleges the Commonwealth never established a connection between him and the crime scene, and could not connect him to the lighter.[13] It appears at some point Mr. Heyward nonetheless confessed to the charges against him, though Mr. Heyward alleges he confessed under duress, and Detective Harkins lied at trial.[14] We infer Mr. Heyward's confession ultimately lead to his May 9, 2003 guilty plea.[15]

Mr. Heyward now seeks DNA analysis of the lighter in state court to demonstrate his actual innocence of the violent crimes to which he plead guilty, apparently in the context of a new post-conviction petition.[16] In the course of these post-conviction proceedings, appointed counsel learned the lighter could not be located for testing.[17] Based on the loss of this exculpatory evidence, Mr. Heyward now sues the City and its police department for civil rights violations alleging the loss of the lighter prevents him from demonstrating his actual innocence, because the

results of DNA testing on the lighter would exculpate him. He alleges the loss of the lighter violates his rights under the Eighth Amendment and his right to procedural due process. He also alleges its loss constitutes a *Brady* violation,[18] a miscarriage of justice, governmental interference, and a denial of his right to access the courts.[19] He requests $30 million in damages.[20]

## II. Analysis

The United States District Court for the Western District of Pennsylvania granted Mr. Heyward leave to proceed *in forma pauperis* before transfer of venue to this Court.[21] Under 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss if he fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),[22] which requires we determine whether Mr. Heyward pleads "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[23] Conclusory allegations do not suffice.[24] As Mr. Heyward is proceeding *pro se*, we construe his allegations liberally.[25]

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[26] "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"[27] "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."[28] "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must

3

consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[29] This analysis applies to a conviction based on a guilty plea.[30] We must dismiss unless Mr. Heyward shows a state court invalidated his conviction or sentence.

Mr. Heyward is not asking us to compel the DNA testing, which could possibly proceed. For example, in *Skinner v. Switzer*, the Supreme Court held a lawsuit seeking to compel post-conviction DNA testing is cognizable in a civil rights action because "[s]uccess in the suit gains for the prisoner only access to the DNA evidence, which may prove exculpatory, inculpatory, or inconclusive."[31] In other words, where DNA testing is sought in the post-conviction setting, success on the prisoner's claim does not necessary imply the invalidity of an intact conviction.[32] In so holding, the Court in *Skinner* distinguished claims based on allegations of the prosecution withholding exculpatory evidence under *Brady v. Maryland*.[33] "Unlike DNA testing, which may yield exculpatory, incriminating, or inconclusive results, a *Brady* claim, when successful postconviction, necessarily yields evidence undermining a conviction: *Brady* evidence is, by definition, always favorable to the defendant and material to his guilt or punishment."[34] In other words, success on claims the prosecution withheld exculpatory evidence from a criminal defendant necessarily implies the invalidity of the underlying conviction.

Mr. Heyward is not seeking merely the right to obtain DNA testing. To the contrary, he alleges the loss of exculpatory evidence forms the basis for his claims.[35] He cites *Brady* as providing a basis for his civil rights claim.[36] His demand for money damages presumes DNA testing on the lighter would yield exculpatory evidence. In short, Mr. Heyward's success in this

4

action necessarily implies the invalidity of his convictions, which the state court has not found. Mr. Heyward's claims are not cognizable as yet in this Court. We dismiss his Complaint.

### III. Conclusion

We dismiss Mr. Heyward's Complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Although Mr. Heyward will not be permitted to file an amended complaint in this case, our dismissal of his claims is without prejudice to him filing a new lawsuit in the event the state court vacates his conviction.[37]

---

[1] Mr. Heyward sued Philadelphia and its police department in the United States District Court for the Western District of Pennsylvania. He moved to proceed *in forma pauperis*. ECF Doc. No. 1. Our colleagues granted him leave to proceed *in forma pauperis*, filed his Complaint, and subsequently transferred it to this Court as his claims entirely involve conduct in this District. ECF Doc. Nos. 2, 4, 12.

[2] The facts are taken from Mr. Heyward's *pro se* Complaint.

[3] ECF Doc. No. 4 at 5. He cannot yet move for habeas relief under 28 U.S.C. § 2254. We do not know whether he even moved for habeas relief.

[4] *See Commonwealth v. Heyward*, No. CP-51-CR-1001841-2002 (Phila. Ct. of Common Pleas) ("docket entries").

[5] 550 A.2d 213 (Pa. Super. 1988).

[6] *See id.*

[7] *See id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* The docket also reflects the post-conviction relief court has issued a Notice of Intent to Dismiss under Rule 907, but the proceedings have been continued to allow time to send the 907 Notice. *See id.*

[11] ECF Doc. No. 4 at 5.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] Following his plea, the state court sentenced Mr. Heyward to a term of life imprisonment on the murder count, ten to twenty years for arson, and five to ten years' imprisonment for each of the six counts of aggravated assault. *See* docket entries.

[16] ECF Doc. No. 4 at 5; docket entries.

[17] ECF Doc. No. 4 at 5.

[18] *Brady v. Maryland*, 373 U.S.C. 83 (1963).

[19] ECF Doc. No. 4 at 2, 5.

[20] *Id.* at 5.

[21] *See* ECF Doc. No. 2.

[22] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[24] *Id.*

[25] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[26] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[27] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and internal citation omitted).

[28] *Id.* at 487 (emphasis in original).

[29] *Id.*; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).

[30] *Gilles v. Davis*, 427 F.3d 197, 209 n.8 (3d Cir. 2005) ("[U]nder *Heck*, both a guilty plea and an ARD are sufficient to bar a subsequent § 1983 claim.").

[31] *Skinner v. Switzer*, 562 U.S. 521, 525 (2011).

[32] *Id.*

[33] 373 U.S.C. 83 (1963).

[34] *Skinner*, 562 U.S. at 536.

[35] *See* ECF Doc. No. 4 at 5. ("[The Commonwealth] certainly could not connect Plaintiff to the lighter. Which is why it cannot be located.").

[36] *Id.* at 2.

[37] *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016).